IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHRYN J. SIMPSON,                          07-CV-44-BR

                    Plaintiff,               OPINION AND ORDER

v.

GREGORY HELD and RANDOLPH KNOP,
individuals,

                    Defendants.


ROBERT L. SEPP
ROGER A. HENNAGIN
Roger A. Hennagin, P.C.
8 North State Street, Suite 300
Lake Oswego, OR 97034
(503) 636-0400

          Attorneys for Plaintiff

EDWIN A. HARNDEN
PAULA A. BARRAN
RICHARD C. HUNT
Barran Liebman LLP
601 S.W. Second Avenue, Suite 2300
Portland, OR 97204
(503) 228-0500

          Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's First Claim for Relief for Intentional Infliction of Emotional Distress (#3), Plaintiff's Motion to Remand to State Court (#7) for lack of subject-matter jurisdiction, Plaintiff's Motion for Leave to File an Amended Complaint/Petition (#23), and Defendants' Motion to Strike Plaintiff's Counsel's Declaration (#26).

For the reasons that follow, the Court **GRANTS** Defendants' Motion to Strike, **DENIES** Plaintiff's Motion to Remand, **DENIES** Defendants' Motion to Dismiss Plaintiff's First Claim, and **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint.


### FACTUAL BACKGROUND

The facts necessary to resolve this matter are taken from the Complaint.

Plaintiff Kathryn J. Simpson is a resident of Clackamas County, Oregon.  In addition, Defendants Gregory Held and Randolph Knop each reside in Oregon.

Plaintiff worked as a bookkeeper and secretary for the Oregon, Southern Idaho, and Wyoming District Council of Laborers from July 5, 2004, to June 5, 2006.  Held is the Manager and Secretary Treasurer for the District Council and was Plaintiff's supervisor.  Knop is an Assistant Director for the District

2 - OPINION AND ORDER

Council.

The District Council was party to a Collective Bargaining Agreement (CBA) with Plaintiff's union, Laborers' International Union of North America, Local 121.  The CBA contained a section concerning grievance procedures.  In particular, the CBA defined a "grievance" as "any dispute between the parties involving interpretation or application of any provision of this [CBA]." The CBA then outlined a multi-step procedure for resolving grievances.

Plaintiff contends that, in early 2005, Held initiated a "campaign of mistreating" her to induce her to quit.  Held ultimately discharged Plaintiff from her position with the District Council on September 12, 2005.  On September 22, 2005, Plaintiff filed a grievance with Local 121.  On December 6, 2005, an adjudicating board issued a decision in which it found Plaintiff was terminated unjustly and should be reinstated with back pay and benefits.  On December 27, 2005, the board issued a final award ordering the District Council to reinstate Plaintiff and to award her back pay and benefits.

According to Plaintiff, Held continued to harass and intimidate her after she returned to work on January 9, 2006. Among other things, Plaintiff alleges Held accused her of carelessness, cited her for major work infractions, refused to renew the CBA with Local 121, and told Plaintiff that he wanted

her to quit even though he did not intend to fire her.  Plaintiff
also asserts Held told her that she was not worth her salary and
should be able to complete her work more quickly.

Plaintiff alleges Knop also began to harass and to
intimidate her after her return to work.  Knop's alleged conduct
included criticizing Plaintiff's knowledge, demeaning her work
product, prohibiting Plaintiff from any personal telephone calls
or visitors, refusing to communicate with Plaintiff except by
email, and reprimanding Plaintiff for arriving at work as little
as one minute late.  Plaintiff also contends Knop told her that
if she made any further mistakes he would "give it [to her] with
both barrels."

Plaintiff asserts the conduct of Held and Knop was intended
to and actually caused her emotional distress, which was
detrimental to her health.  Moreover, Plaintiff asserts Held and
Knop were acting outside of their scope of authority as employees
of the District Council while engaging in this conduct.

On March 24, 2006, the District Council informed Local 121
that it did not intend to renew the CBA when it expired on
May 31, 2006.  Apparently, the CBA was not renewed.

On June 6, 2006, Plaintiff's doctor told her to stop working
for the District Council to "protect her health."  Plaintiff
complied and left her position with the District Council.

**PROCEDURAL BACKGROUND**

On approximately October 11, 2006, Plaintiff filed a complaint in Multnomah County Circuit Court and brought two claims against Defendants:  Claim One for intentional infliction of severe emotional distress (IIED) and Claim Two for intentional interference with contract.  On January 12, 2007, Defendants removed the action to this Court on the grounds that Plaintiff's claims are closely related to the CBA between the District Council and Local 121, and, therefore, Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).  Defendant contends this Court has subject-matter jurisdiction as a result.  Moreover, on January 19, 2007, Defendants' filed a Motion to Dismiss Plaintiff's First Claim (#3) for IIED.

On January 30, 2007, Plaintiff filed a Motion to Remand on the grounds that the LMRA was not implicated because Plaintiff's claims did not require interpretation of the CBA. In addition, on February 23, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint in which she indicated she intended to withdraw Claim Two for intentional interference with contract.  On February 26, 2007, Defendants' filed a Motion to Strike Plaintiff's Counsel's Declaration, which was filed with Plaintiff's Motion for Leave.

The Court heard oral argument on March 28, 2007.  At that

time, the Court asked the parties to submit supplemental briefs as to whether the Court's exercise of subject-matter jurisdiction could be based on Defendants' affirmative defense that Plaintiff's claims required interpretation of the CBA between the District Council and Local 121 and, therefore, were subject to § 301 of the LMRA.

The Court took the Motions under advisement on April 18, 2007.

### DEFENDANTS' MOTION TO STRIKE (#26)

Defendant moves to strike the Declaration of Roger Hennagin, Plaintiff's counsel.  The Court may only consider admissible evidence that is submitted by a party in support of a pleading. *See generally* Fed. R. Civ. P. 56(e).  *See also Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).

In his Declaration, Hennagin states he telephoned an unnamed National Labor Relations Board (NLRB) official on January 20, 2007.  The official allegedly told Hennagin the reason for the NLRB's decision in another matter related to Plaintiff's employment with the District Council.

Defendants, however, assert the Hennagin Declaration is based on hearsay by an unknown declarant and is of little, if any, relevance.  Moreover, Defendants question the date of the alleged call (Saturday, January 20, 2007) because it is unlikely

6 - OPINION AND ORDER

that any NLRB employees were at work on that date.

On this record, the Court concludes it will not consider the Hennagin Declaration for purposes of these Motions because it does not meet the evidentiary requirements regarding relevance and hearsay.  *See* Fed. R. Evid. 401; Fed. R. Evid. 802.

## PLAINTIFF'S MOTION TO REMAND (#7)

### Standards

Pursuant to 28 U.S.C. § 1441, an action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action.  The removal statute is strictly construed, however, and any doubt about the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted).  The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper."  *Id.* (citations omitted).

To determine whether an action arises under federal law, a court generally must apply the "well-pleaded complaint rule."  *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)(citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  Under this rule, a claim arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.  *Id.*  A case does not arise under federal law and is not removable

7 - OPINION AND ORDER

based only "on a defense or anticipated defense [that is] federal in character." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 472 (1998).

A corollary to the well-pleaded complaint rule is the doctrine of complete preemption. *Id.* "[O]n occasion . . . the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir.), *as amended by* 208 F.3d 1170 (9th Cir.), *cert. denied*, 531 U.S. 992 (2000). If a federal claim completely preempts a state-law claim, any complaint that contains allegations within the scope of the federal claim necessarily "arises under" federal law for purposes of determining removal jurisdiction. *Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983).

"[F]ederal courts are required to *sua sponte* examine jurisdictional issues." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). *See also* Fed. R. Civ. P. 12(h)(3); *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997)(when in doubt, a federal court must *sua sponte* evaluate whether it has subject-matter jurisdiction).

The court generally is limited to the face of the complaint when determining removability. When a defendant asserts complete

8 - OPINION AND ORDER

preemption as the basis for removal, however, the court may examine the defendant's removal notice and supporting affidavits to clarify whether the plaintiff presents a claim that, in fact, arises under federal law. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

<u>Discussion</u>

According to Plaintiff's Complaint, all parties reside in Oregon and both of Plaintiff's claims are based on Oregon common law rather than federal law.  Plaintiff seeks remand on the basis that this Court lacks subject-matter jurisdiction.

Defendants oppose remand and point out that a district court has subject-matter jurisdiction under § 301 of the LMRA in any case that requires interpretation of a CBA.  Although Plaintiff's claims are only against individual Defendants Held and Knop and neither party to the CBA (the District Council and Local 121) is a party in this case, that fact is not dispositive.  As the Ninth Circuit has recognized, even nonsignatories to a CBA have standing to remove a case pursuant to LMRA § 301 "if resolution of the state law claim requires interpretation of a [CBA]." *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1407 (9th Cir. 1991).

**I.   Complete Preemption Doctrine under LMRA Generally.**

Section 301 of the LMRA provides:

> Suits for violation of contracts between an
> employer and a labor organization

9 - OPINION AND ORDER

> representing employees in an industry
> affecting commerce . . . may be brought in
> any district court of the United States
> having jurisdiction of the parties, without
> respect of the amount in controversy or
> without regard to the citizenship of the
> parties.

29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to authorize the federal courts to develop a federal common law for the interpretation of CBAs. *Cramer*, 255 F.3d at 689 (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957)). This federal common law preempts the use of state contract law to interpret and to enforce CBAs. *Id.* (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)). In the context of preemption, however, the Ninth Circuit has "stressed . . . the term 'interpret' is defined narrowly – it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)(citation omitted). "Despite the breadth of § 301 complete preemption, 'not every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted.'" *Id.* (quoting *Assoc. Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1357 (9th Cir. 1997)).

When a defendant argues a provision of the CBA is relevant to the plaintiff's claim, the court may "look to" the CBA to determine whether any of its terms are reasonably in dispute

without actually "interpreting" the CBA and, therefore, without triggering complete preemption under § 301. *Cramer*, 255 F.3d at 691-92. The Supreme Court has explained, however, "it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action [is preempted]." *Livadas v. Bradshaw*, 512 U.S. 107, 122-24 (1994)(internal citations and quotations omitted).

In *Lingle v. Norge Division of Magic Chef, Inc.*, the defendant discharged the plaintiff after the plaintiff filed a worker's compensation claim. 486 U.S. 399, 401 (1988). The plaintiff filed a grievance with her union regarding her termination. An arbitrator ruled in the plaintiff's favor and ordered her reinstated with back pay. *Id*. at 402. The plaintiff then filed an action in state court alleging the defendant violated state law when it discharged her for filing a worker's compensation claim. The defendant removed the matter to federal court on the basis of LMRA preemption. *Id*. The Supreme Court reviewed its earlier decisions in LMRA preemption cases and concluded:

> [I]f the resolution of a state-law claim
> depends upon the meaning of a collective-
> bargaining agreement, the application of state
> law (which might lead to inconsistent results
> since there could be as many state-law
> principles as there are States) is pre-empted

> and federal labor-law principles-necessarily
> uniform throughout the Nation-must be employed
> to resolve the dispute.

*Id.* at 406.  The *Lingle* Court held the plaintiff's claim was not

preempted by the LMRA because

> resolution [of] plaintiff's claim involved
> purely factual questions pertain[ing] to the
> conduct of the employee and the conduct and
> motivation of the employer.  Neither of the
> elements [of the plaintiff's claim] requires a
> court to interpret any term of a collective-
> bargaining agreement.  To defend against a
> retaliatory discharge claim, an employer must
> show that it had a nonretaliatory reason for
> the discharge; this purely factual inquiry
> likewise does not turn on the meaning of any
> provision of a collective-bargaining
> agreement.  Thus, the state-law remedy in this
> case is "independent" of the collective-
> bargaining agreement in the sense of
> "independent" that matters for § 301 pre-
> emption purposes:  resolution of the state-law
> claim does not require construing the
> collective-bargaining agreement.

*Id.* at 407.

The Ninth Circuit has also held "[a] state law claim is not

preempted under § 301 unless it necessarily requires the court to

interpret an existing provision of a CBA that can reasonably be

said to be relevant to the resolution of the dispute."  *Cramer v.

Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001).

"Causes of action that only tangentially involv[e] a provision of

a [CBA] are not preempted by section 301."  *Detabali*, 482 F.3d at

1203.

12 - OPINION AND ORDER

## II.  Removal to this Court.

As noted, the defendant may not remove the plaintiff's state-law claims on the basis that a defense or defensive plea arises under federal law or is federal in nature. *See Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). *See also, Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). When a federal law such as LMRA completely preempts a state-law cause of action, however, this doctrine does not apply and a defendant may remove the action. *Franchise Tax Bd.*, 463 U.S. at 10. Thus, Defendants may base removal to this Court on the affirmative defense that Plaintiff's state-law claims require interpretation of the CBA between the District Council and Local 121 under LMRA § 301, and, therefore, federal law completely preempts one or more of Plaintiff's claims.

## III. Plaintiff's Claim Two for Interference with Contract Is Preempted by the LMRA.

To prove a claim under Oregon law for intentional interference with contract, which is also referred to as "intentional interference with economic relations," a plaintiff must prove:

> (1) the existence of a professional or business relationship (which could include, *e.g.*, a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between

13 - OPINION AND ORDER

the interference and damage to the economic
relationship, and (6) damages.

*McGanty v. Staudenraus*, 321 Or. 532, 535 (1995).  *See also*

*Buckner v. Home Depot U.S.A., Inc.*, 188 Or. App. 307, 310-11

(2003).

In *Scott v. Machinists Automotive Trades District Lodge No.*
*190 of Northern California*, the plaintiff filed a union grievance
pursuant to the union's CBA after he was terminated.  827 F.2d
589, 591 (9th Cir. 1987).  The plaintiff ultimately rejected a
settlement offer and instead filed an action for, among other
things, intentional interference with contractual relations.  *Id.*
The Ninth Circuit held this claim "clearly depend[ed]" on
interpretation of the CBA and that "[i]nterference with contract
relations is obviously connected with interpretation of the
contract."  *Id.* at 591-92.

In *Milne Employees Association v. Sun Carriers*, the Ninth
Circuit reiterated that a state-law claim is completely preempted
when the claim requires the interpretation of a CBA.  960 F.2d
1401, 1408 (9th Cir. 1991).  After the plaintiffs were terminated
they brought an action including a claim for interference with
contractual relations.  *Id.* at 1411.  The Ninth Circuit held an
interference with contractual relations claim was preempted
because the CBA addresses the types of contractual or economic
relationships between the parties.  *Id.* at 1412.

In her Complaint, Plaintiff alleges Defendants interfered

14 - OPINION AND ORDER

with Plaintiff's contractual relations.  In particular, Plaintiff
alleges Held's harassment of Plaintiff included his refusal to
allow the District Council/Local 121 CBA to be renewed.  Article
22 of the CBA expressly concerns termination and renewal of the
CBA.  *See* Held Aff. Ex. 1 at 15.  As in *Scott* and *Milne*, whether
Defendants interfered with any contractual rights that Plaintiff
had under the CBA goes to the heart of the CBA itself.  Moreover,
the Ninth Circuit has held as a general rule that "claims for
interference with contractual relations and prospective advantage
[are] preempted by section 301." *Milne*, 960 F.2d at 1412.

Accordingly, the Court concludes Claim Two for interference
with contractual relations is preempted by LMRA § 301, and,
therefore, removal was proper because the Court has subject-
matter jurisdiction over Claim Two.

**IV.  Plaintiff's Claim One for IIED Is Preempted by the LMRA.**

To bring a successful IIED claim under Oregon law, Plaintiff
must prove Defendants (1) intended to inflict severe emotional
distress, (2) Defendants caused Plaintiff severe emotional
distress, and (3) Defendants' acts were an "extraordinary
transgression of the bounds of socially tolerable conduct." *See*
*McGanty*, 321 Or. at 543.

The Ninth Circuit has held "[c]laims for intentional
infliction of emotional distress are frequently preempted by
section 301." *Milne*, 960 F.2d at 1412.  The Ninth Circuit also

has recognized, however, if an IIED claim "arises from conduct not addressed by a [CBA], such a claim may not necessarily be preempted." *Id.* For example, an IIED claim is not preempted by § 301 if it arises out of a defendant's alleged fraud (*id.* at 1413); an IIED claim that was raised in connection with force or the threat of force that was not expressly authorized by the controlling CBA also was not preempted (*Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007)); and, when the conduct underlying an IIED claim violates criminal or penal law, it is "per se outrageous" and not preempted (*Cramer*, 255 F.3d at 697).

Nonetheless, the effect of conduct that leads to an IIED claim is often "inextricably intertwined" with a CBA and is preempted in such cases. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1002 (9th Cir. 1987). *See also Humble v. Boeing*, 305 F.3d 1004, 1014-15 (9th Cir. 2002). Here Defendants correctly point out the CBA's grievance procedures cover "any dispute" between parties to the CBA. The Court notes Defendants' alleged conduct involved working conditions and disciplinary procedures covered by the CBA, and, therefore, the Court concludes the LMRA applies to Claim One as well. *See Scott*, 827 F.2d at 594.

Moreover, Plaintiff's IIED claim is based in part on some of the same allegations that also form the basis of her

interference-with-contract claim.  Under similar circumstances, the Ninth Circuit has held that an IIED claim is preempted by the LMRA.  *See Chimel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989)(when the plaintiff's IIED claim arose from the same conduct that formed the basis of a preempted contract claim the IIED claim also was preempted).

Accordingly, the Court concludes Plaintiff's Claim One for IIED claim also is preempted by LMRA § 301.

In summary, the Court concludes on this record that it has subject-matter jurisdiction over Plaintiff's Claims One and Two under the LMRA.

## DEFENDANTS' MOTION TO DISMISS (#3) CLAIM ONE FOR IIED

### Standards

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d

17 - OPINION AND ORDER

616, 622 (9th Cir. 1998).

A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant the plaintiff leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## Discussion

As noted, Defendant seeks dismissal of Plaintiff's Claim One for IIED. At this stage, the Court must consider all of Plaintiff's allegations of material fact as true and view the facts in the light most favorable to Plaintiff as the nonmoving party. *Cooper*, 137 F.3d at 622.

To withstand Defendants' Motion, Plaintiff must plead in her Complaint all three IIED elements: (1) Defendants intended to inflict severe emotional distress, (2) Defendants caused Plaintiff severe emotional distress, and (3) Defendants' acts

were an "extraordinary transgression of the bounds of socially tolerable conduct."  *See McGanty*, 321 Or. at 543.

Defendants do not challenge the second element of Plaintiff's IIED claim, but instead argue Plaintiff did not sufficiently allege the first element:  "intent" to inflict severe emotional distress.  Plaintiff, however, alleges in paragraph 19 of the Complaint that Defendants' conduct "was intended to cause [Plaintiff] severe emotional distress."  The Court concludes this allegation sufficiently states the IIED intent element for purposes of Defendants' Rule 12(b)(6) Motion.

Defendants also contend Plaintiff did not adequately allege that Defendants' conduct was an "extraordinary transgression of the bounds of socially tolerable conduct."  Plaintiff alleges in her Complaint that Defendants, among other things, harassed Plaintiff over several months, that Defendants' conduct was designed to make Plaintiff quit because Defendants knew the CBA would not allow Plaintiff to be fired without cause, and that Defendant Knop stated he would give it to her "with both barrels" if she made any additional mistakes.  These allegations, which the Court is required to take as true for purposes of resolving Defendants' Motion, sufficiently state a foundation from which rational jurors might find an "extraordinary transgression" exists for purposes of Defendants' Motion.

Accordingly, the Court denies Defendants' Motion to

19 - OPINION AND ORDER

Dismiss (#3).

### PLAINTIFF'S MOTION FOR LEAVE
### TO FILE AN AMENDED COMPLAINT (#26)

#### Standards

Fed. R. Civ. P. 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend. Those factors include:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment.

*Id*. at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor that carries the greatest weight is whether the amendment will cause the opposing party prejudice. *Id*. "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of

granting leave to amend." *Id.*   "Delay alone, no matter how
lengthy is an insufficient ground for denial of leave to amend."
*United States v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981).

### Discussion

Plaintiff moves for leave to amend her Complaint for the
specific purpose of withdrawing Claim Two for intentional
interference with contractual relations.  As noted, Federal Rule
of Civil Procedure 15(a) provides a party may amend a pleading
after a responsive pleading has been filed only by leave of court
unless the opposing party consents to the amendment.

Defendants oppose Plaintiff's Motion on the sole ground that
Plaintiff's motivation to drop Claim Two is to divest the Court
of subject-matter jurisdiction, which could result in a "whipsaw"
of Plaintiff merely repleading Claim Two following remand to
state court and invariably prompting Defendants to remove the
action again.  Defendants' contention would only be relevant,
however, if the Court found the LMRA preempted Claim Two but did
not preempt Claim One for IIED.  The Court already has determined
both of Plaintiff's claims are preempted under the LMRA.

Accordingly, the Court grants Plaintiff's Motion for Leave
to File an Amended Complaint.

### CONCLUSION

For the reasons that follow, the Court **GRANTS** Defendants'

21 - OPINION AND ORDER

Motion to Strike Plaintiff's Counsel's Declaration (#26), **DENIES**
Plaintiff's Motion to Remand to State Court (#7), **DENIES**
Defendants' Motion to Dismiss Plaintiff's First Claim for
Intentional Infliction of Emotional Distress (#3), and **GRANTS**
Plaintiff's Motion for Leave to File an Amended Complaint/
Petition (#23).  Plaintiff shall file her Amended Complaint no
later than June 14, 2007.

IT IS SO ORDERED.

DATED this 1st day of June, 2007.


_____
ANNA J. BROWN
United States District Judge